**HWIE LIONG LIM, Petitioner**

v.

**ATTORNEY GENERAL OF
the UNITED STATES,
Respondent.**

**No. 05–1630.**

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit LAR
34.1(a)
April 28, 2006.

Filed May 15, 2006.

Eleanor H. Chen, Philadelphia, PA, for
Petitioner.

Susan K. Houser, Richard M. Evans,
United States Department of Justice, Office of Immigration Litigation, Catherine
Y. Hancock, Michael S. Raab, United
States Department of Justice, Civil Division, Washington, DC, for Respondent.

Before: SCIRICA, Chief Judge, and
NYGAARD, Circuit Judge, and
ALARCON,* Circuit Judge.

OPINION OF THE COURT

NYGAARD, Circuit Judge.

Petitioner, Hwie Liong Lim, petitions
for review of the decision of the Board of
Immigration Appeals which denied his application for asylum as untimely. Petition-er filed his asylum application almost four
years after he arrived in the United
States. Pursuant to 8 U.S.C.
§ 1158(a)(2)(B), an alien must file his application for asylum within one year of his
arrival in the United States. Only upon a
showing of changed circumstances which
materially affect the alien's eligibility for
asylum or of extraordinary circumstances
explaining the delay will this limitations
period be extended. *See* 8 U.S.C.
§ 1158(a)(2)(D). Because Petitioner filed
his application almost three years after the
filing deadline, and there existed no reason
for extending the one year limitations period, the Immigration Judge denied his application as untimely. Because the Board
adopted and affirmed the Immigration
Judge's opinion, we review her opinion as
the opinion of the Board. *See Zhang v.
Gonzales,* 405 F.3d 150, 155 (3d Cir.2005).

With respect to Petitioner's asylum application, we lack jurisdiction to review the
Board's denial. *See* 8 U.S.C. § 1158(a)(3);
*Tarrawally v. Ashcroft,* 338 F.3d 180, 185
(3d Cir.2003). We will therefore dismiss
the petition for review of Lim's claim.

With respect to the Board's denial of
withholding of removal, Petitioner did not
adequately raise this issue in his opening
brief, and it is waived. Although Petitioner twice asserted in the argument section
of his brief that he was eligible for withholding of removal, he provided no substantive legal argument to support his assertion. *See Voci v. Gonzales,* 409 F.3d
607, 610 n. 1 (3d Cir.2005) (quoting *Kopec
v. Tate,* 361 F.3d 772, 775 n. 5 (3d Cir.2004)
("An issue is waived unless a party raises
it in its opening brief, and for those purposes a passing reference to an issue will
not suffice to bring that issue before an

---

* Honorable Arthur L. Alarcon, Senior Circuit
Judge for the Ninth Circuit Court of Appeals,   sitting by designation.

appellate court."))[1] We therefore will deny the petition for review.

---

1. Similarly, the issue of relief under the Convention Against Torture has also been waived as Petitioner made no argument in support of it before the Board nor in his opening Brief and therefore, failed to exhaust his administrative remedies on this claim. *See* 8 U.S.C. § 1252(d)(1).